**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000347**
**22-JAN-2026**
**07:56 AM**
**Dkt. 65 SO**

NO. CAAP-23-0000347

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

WEI LING FUNG, Plaintiff/
Counterclaim Defendant-Appellant,
v.
WA CHAM HOI, Defendant/Counterclaimant/
Third-Party Plaintiff-Appellee,
and
FUGANG XIA aka SUMMER,
Third-Party Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DRC-21-0003362)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)

Self-represented Plaintiff/Counterclaim Defendant-Appellant Wei Ling Fung (**Fung**) and Third-Party Defendant-Appellant FuGang Xia, aka Summer (**Summer**) (collectively, **Appellants**)[1] appeal from the District Court of the First Circuit's (**district court**) Judgment, filed on April 25, 2023.[2]

---

[1]    Appellants are self-represented on appeal, but they were represented by counsel during the district court proceedings.

[2]    The Honorable Thomas A.K. Haia presided.

Appellants retained Defendant/Counterclaimant/Third-Party Plaintiff-Appellee Wa Cham Hoi (**Hoi**), a structural engineer, to do work related to a construction project. Fung subsequently filed a complaint, contending that Hoi failed to complete the work he was contracted to do and seeking reimbursement of Appellants' $11,500 initial payment to Hoi. Hoi filed a counterclaim against Fung and a third-party complaint against Summer, contending that he completed his structural engineering work for Appellants, and that Appellants owed him the remaining balance of his agreed-upon fees, plus interest, attorney's fees, and costs.

The Judgment was entered in favor of Hoi, and Hoi was awarded $18,179.58 on his counterclaim. The district court explained its ruling as follows,

> Generally speaking, [c]ourts are not supposed to go beyond the four corners of a contract when looking at whether or not the contract is ambiguous.
>
> Parol evidence is not accepted generally speaking. However, in this case the [district court] finds that the contract, which would be the check, is ambiguous. I want to say that it's ambiguous because the check says it's for 50 percent of the architectural design fee, the civil engineering fee, and it's regarding TMK, and then it gives the TMK number.
>
> This makes no sense to the [district court] given the representations by [Hoi] that he is not an architect.
>
> In addition to that, because of that ambiguity, the [district court] then looks at the text messages that were entered into evidence this afternoon and finds that on September 7th, 2018, [Hoi] unequivocally states, My structural engineering fee is $23,000. He then asks, This is before the contract exists? It appears to the [district court] that the -- the parties are negotiating at this point.
>
> . . . .

2

[Hoi] on September 12th of 2018 says -- I'm sorry -- on September 9th of 2018, asks for the architectural drawings.

On September 12th, he acknowledges receiving an email with the architectural drawings. If you look at the September 12th email, it shows that there are architectural drawings from China.

On September 14th, which is two days later in 2018, [Summer] goes to China.

On October -- it doesn't appear that there are any communications between that date and October 10th of 2018, where [Summer] says he'd like to engage the services of James Lyon, a civil engineer.

[Hoi] then replies on the same date, The Lyon fee is $30,000 and I'm looking for someone else. I'm suggesting Structural Hawaii. There are more text messages.

On October 21st, [Hoi] says that Wesley, whoever Wesley is, hadn't provided drawings, topographic drawings.

And then October 24th, there's a discussion in 2018 about a soil[] engineer because evidently this -- this property is on the beach and there's a setback requirement because of the shoreline. The request to build in concrete because of the level of the water table. It appears [Hoi] is concerned and is telling [Summer] that he needs a soil[] engineer and suggests Larry Shinsato.

At that point on October 26 of 2018, there's an exchange that occurs. And [Hoi] says it will take one month to complete the design drawings if made in concrete -- if it's built in concrete, but you need a soils report.

And then on October 28th of 2018, a check for $11,500 is exchanged. And as I said earlier, this check in the memo section has a TM key reference -- TMK reference and talks about 50 percent of an architectural design fee and civil engineer fee.

About on New Year's Eve of 2018, so December 31st, 2018, there is a discussion about engaging the soil[] engineer.

And then on March 3rd of 2019, there's a message from [Summer] to [Hoi] saying, I received the soil test with a response saying, Can be built.

The next message is on March 16th of 2019, where [Summer] says, We're going to decide whether to do it or not.

And then on April 28th of 2019, [Summer] asked, How's it going?

On the 29th, [Hoi] represents, Need more time.

On June 26 of 2019, there's a discussion of someone named Peter, who's charging $4,500 to be the civil engineer.

And then on June 27th, [Hoi] responds he's willing to reduce his fee to $18,000 to match someone named [Jimmy].

Considering all of the evidence, the testimony, what I've just put on the record, [district court] is finding that the agreement was [Summer] and [Fung] were going to engage [Hoi] for purposes of structural engineering to the tune of $23,000, as is made clear and unequivocal in a September 7th, 2018 text message between the parties.

The [district court] is making a finding based on the evidence heard today that $11,500 of that amount was received by [Hoi] on September 28, 2018. Excuse me. I stand corrected. On October 28, 2018, that check changed hands.

The [district court] finds that [Hoi] is entitled to the remaining balance of $11,500.

Appellants appear to make five arguments in their Amended Opening Brief[3]: (1) "[the district court's] confirmation that [Hoi] completed his Structural Engineering design drawings is entirely without any evidence or basis and is erroneous"; (2) "[the district court] did not carefully review [Exhibits] I and J provided by [Hoi] to the court and erroneously ruled [Hoi's] quotation as a contract"; (3) "[the district court] did not carefully distinguish between the truthfulness of [Hoi's] and [Hoi's counsel's] testimonies during the court proceedings, failing to exercise the commonsense judgment expected of a

---

[3] Appellants' opening brief does not set forth points of error on appeal, and is in other ways noncompliant with Hawai'i Rules of Appellate Procedure Rule 28(b). To promote access to justice, we do not automatically foreclose self-represented litigants from appellate review for their failure to comply with the court rules. Erum v. Llego, 147 Hawai'i 368, 380-81, 465 P.3d 815, 827-28 (2020).

4

judge"; (4) "[the district court] did not carefully review the evidence of the translation of the Chinese text messages translated into English provided by [Hoi] and [Hoi's counsel] on mobile phones" and erred by "admitting them as evidence"; and (5) "[the district court] did not carefully review the evidence and testimonies of both parties, applying a double standard in judging the content of [Fung's] check payments."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we address Appellants' contentions as follows:

(1) Appellants appear to challenge the district court's finding that Hoi completed his structural design drawings as being "without any evidence or basis." We review a trial court's findings of fact (**FOFs**) under the clearly erroneous standard. Casumpang v. ILWU Local 142, 108 Hawai‘i 411, 419, 121 P.3d 391, 399 (2005). "An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction that a mistake has been committed." Id.

The record reflects that Appellants stipulated to the admission of Hoi's structural design drawings into evidence as Exhibit K. Hoi testified at trial that Exhibit K comprised "the structural drawings based on the info [he had] from Summer," and

that the structural drawings were "a complete product" as of July 9, 2019.

On this record, we conclude the district court did not clearly err in finding that Hoi had completed his structural design drawings for Appellants.

(2) Appellants appear to contend that the district court "did not carefully review [Exhibits] I and J provided by [Hoi] to the [district] court and erroneously ruled [Hoi's] quotation as a contract." The district court's determination that the parties entered into a contract is a question of fact that we review under the clearly erroneous standard. WW v. DS, 149 Hawai‘i 123, 129, 482 P.3d 1084, 1090 (2021) ("Whether the parties entered into an agreement is essentially a question of fact the court reviews under the clearly erroneous standard.") (cleaned up).

Exhibits I and J, referenced by Appellants, consist of Hoi's email communications and text messages with Summer. These exhibits, which the parties stipulated to admit at trial, support the district court's findings that Appellants and Hoi entered into an agreement, whereby Hoi would provide structural engineering services to Appellants for a $23,000 fee.[4] Exhibits

_____

[4] Exhibit J reflects a text message from Hoi to Summer that states, "My fee changes to same as Jimmy ($18,000). You may ask Peter (civil engineer)." At trial, Summer testified that Hoi had offered to reduce his fee to $18,000, but Summer "did not agree." It appears that to the extent Hoi offered to amend the contract to reduce his fee, that offer was rejected

(continued . . .)

I and J also support that Hoi's work on the project was specifically in the nature of structural engineering, and that other types of work -- e.g., civil engineering and soil engineering work -- would need to be addressed by others.[5]

On this record, we conclude the district court did not clearly err in finding that Appellants agreed, through their email and text message correspondence, to pay Hoi $23,000 for structural engineering work.

(3) Appellants appear to challenge the district court's determination of Hoi and Hoi's counsel's credibility. "[T]he credibility of witnesses and the weight to be given their testimony are within the province of the trier of fact and, generally, will not be disturbed on appeal." Tamashiro v. Control Specialist, Inc., 97 Hawaiʻi 86, 92, 34 P.3d 16, 22 (2001) (citations omitted). "An appellate court will not pass upon issues dependent upon the credibility of witnesses and the

_____

[4](. . . continued)
by Summer, and the contract was therefore not amended for lack of mutual agreement.

[5]     The district court's findings are further supported by Hoi's testimony at trial.  The memo note on Fung's initial payment check states, in relevant part, "Artectur [sic] design fee 50% deposit include civil engineer fee."  Hoi testified that upon seeing the memo note, he told Summer: "Hey, I'm a structural engineer.  The [$]11,500 is a structural fee. . . .  This is incorrect.  It has to be structural engineer fee only."  Hoi testified that he accepted the check after Appellants told him, "okay," and that Appellants "underst[ood he was] a structural engineer only."

Hoi also testified to informing Summer that Appellants needed an "architect," "surveyor," "soil engineer," and "civil engineer" for the project.  He explained that, "[Summer was] responsible [for] look[ing] for those consultant[s] and hir[ing] them independently.  But to assist [Summer], [Hoi] said, Hey, I can give you some name[s], you can call them if you like."

weight of the evidence."  Schefke v. Reliable Collection Agency, Ltd., 96 Hawai‘i 408, 422, 32 P.3d 52, 66 (2001) (cleaned up). We therefore decline to address the district court's credibility determinations.

(4) Appellants appear to contend that the district court erred by admitting the translated text messages between the parties into evidence.  Appellants characterize the text messages as "false evidence . . . contain[ing] multiple misleading translations."  As discussed in section (2), supra, Appellants stipulated to the admission of Exhibit J -- which included the translated text messages that Appellants challenge on appeal -- into evidence at trial.  We therefore deem Appellants' argument to be waived.  See Tax Appeal of Subway Real Est. Corp. v. Dir. of Tax'n, 110 Hawai‘i 25, 30, 129 P.3d 528, 533 (2006) ("[A]s a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]") (citation omitted).

(5) Appellants contend that the district court "did not carefully review the evidence and testimonies of both parties, applying a double standard in judging the content of [Fung's] check payments."  The record reflects that the district court appropriately considered the evidence introduced by the parties at trial to determine the parties' intent at the time they entered into the agreement.  See Hawaiian Ass'n of Seventh-

Day Adventists v. Wong, 130 Hawaiʻi 36, 48, 305 P.3d 452, 464 (2013) (instructing that "the fact-finder may consider additional evidence, including parol evidence, regarding the intent of the parties at the time of drafting" where the contract terms were ambiguous).  Appellants make no discernible arguments in support of their contentions that the district court relied on "false evidence," and that Hoi and Hoi's counsel "intentionally deceived" the district court, and we therefore decline to address them.  See Kahoʻohanohano v. Dep't. of Hum. Servs., 117 Hawaiʻi 262, 297 n.37, 178 P.3d 538, 573 n.37 (2008) (stating that the supreme court will "disregard a particular contention if the appellant makes no discernible argument in support of that position") (cleaned up).

For the foregoing reasons, we affirm the Judgment.

DATED: Honolulu, Hawaiʻi, January 22, 2026.

On the briefs:

Wei Ling Fung,
Self-represented
Plaintiff/Counterclaim
Defendant-Appellant.

FuGang Xia, aka Summer,
Self-represented Third-Party
Defendant-Appellant.

Gale L. F. Ching,
for Defendant/
Counterclaimant/Third-Party
Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge